United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BREWSTER and CECILE BREWSTER,<br><br>  Plaintifsf,<br><br>  v.<br><br>A.W. CHESTERTON COMPANY, et al.,<br><br>  Defendants.         / | No. C 07-01688 WHA<br><br>**ORDER GRANTING MOTION TO REMAND** |

## INTRODUCTION

In this asbestos-injury action, plaintiffs Joseph Brewster and Cecile Brewster seek remand to state court. Because this order finds federal subject-matter jurisdiction lacking, plaintiffs' motion to remand is **GRANTED**.

## STATEMENT

The complaint herein asserts asbestos-related injury claims by plaintiff Joseph Brewer and a loss of consortium claim by his wife, Cecile Brewster. Defendants are companies that manufactured products containing asbestos during the relevant period. Mr. Brewster alleges that he was injured as a result of his work around asbestos during his service as a machinist mate in the U.S. Navy from 1965 to 1971, and from his work at PG&E and AGCHEM from 1971 to 1983. In the complaint, plaintiffs explicitly excluded any claims against defendant GE

arising from asbestos exposure from equipment GE supplied to the United States military (Notice of Removal Exh. A).

This action was originally filed on September 22, 2006, in California Superior Court. Defendant General Electric Company filed an answer to the complaint on November 13, 2006. Mr. Brewster is dying of mesothelioma, a form of cancer associated with exposure to asbestos. A declaration submitted by his doctor in November 2006 stated that he was not expected to live another six months. Because of his condition, in December 2006 the state court granted the case trial-setting preference. The trial was originally supposed to begin on April 2, 2007. It was recently continued to April 23, 2007 (Healy Decl. Exhs. A, G; Nov. 14 Ghosh Decl).

GE removed this case to federal court on March 23, 2007. Plaintiffs immediately filed the instant motion for a remand to state court, along with a motion to be heard on shortened time. GE has filed a motion for a stay pending a decision on transfer to the Judicial Panel on Multidistrict Litigation. This Court granted plaintiffs' request to hear the motion to remand on shortened time and held a hearing on April 3, 2007.

**ANALYSIS**

There is a "strong presumption against removal jurisdiction" and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotations omitted). GE contends that this Court has federal question jurisdiction under the federal-officer defense. For the reasons stated below, GE's arguments lack merit.

Several independent factors animate this holding. *First*, the defense upon which GE purportedly bases its removal would never have any effect on the case at bar. The federal-officer defense is simply being used as a delay tactic. It lacks even *potential* value to GE. *Second*, Mr. Brewster is suffering from a debilitating disease and is not expected to live much longer. It serves the interests of justice to give Mr. Brewster his day in court.

2

### 1. REMOVAL PROCEDURE.

The parties agree that this case was not removable on the face of the complaint. Thus, the parties agree that the following provision of 28 U.S.C. 1446(b) applies: "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." The parties also agree that interrogatory responses and other discovery documents can constitute an "other paper" for Section 1446(b) purposes. This is an appropriate construction of the statute. *See Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992) ("Clearly the answer to interrogatory which triggered the filing of the notice of removal in this case is such an 'other paper.'"); *Lee v. Altamil Corp.*, 457 F. Supp. 979, 981 (M.D. Fla. 1978) ("It is well settled that discovery documents may be 'other papers' within the meaning of 28 U.S.C. 1446(b)."). There is some dispute regarding which interrogatory responses might have put GE on notice that the federal-officer defense might have been available. This would bear on the timeliness of the removal. Plaintiffs contend that GE was put on notice by plaintiff's interrogatory answers in September 2006. GE contends that it was put on notice by co-defendant Dowman Products' interrogatory answers in March 2007. This order assumes without deciding that GE was not on notice of potential removability until March 2007, making its attempt at removal timely.

### 2. FEDERAL-OFFICER DEFENSE.

The provision under which GE asserts federal jurisdiction is the Federal Officer Removal Statute, 28 U.S.C. 1442(a)(1), which provides:

> A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or

3

> authority claimed under any Act of Congress for the apprehension
> or punishment of criminals or the collection of the revenue.

Courts have recognized that "[a] moving party satisfies the statute if the party: (1) demonstrates that it acted under the direction of a federal officer, (2) raises a federal defense to the plaintiffs' claims, and (3) demonstrates a causal nexus between the plaintiffs' claims and the acts of the party performed under color of federal office." *Madden v. Abel Supply Co.*, 205 F. Supp. 2d 695, 699 (S.D. Tex. 2002) (citing *Mesa v. California*, 489 U.S. 121, 124–25, 134–35 (1989)). "If the moving party satisfies these requirements, that party gains access to a federal forum even if the plaintiff's complaint fails to raise a federal question." *Ibid.* This order does not address the first and third prongs of the test. GE fails to prove the second requirement and has therefore failed to overcome the presumption against removal.

With respect to the issue of a federal defense, the Supreme Court has held that Section 1442(a)(1) covers "all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law." *Mesa*, 395 U.S. at 406–07. Whether a defendant will ultimately prevail on the defense is irrelevant. *See Madden*, 205 F. Supp. 2d at 701. This order holds that GE has not proved that it has a "colorable" defense.

GE believes it can assert the federal-officer defense solely based on an interrogatory response by a co-defendant. On March 15, 2007, co-defendant Dowman Products responded to a GE interrogatory question by stating: "Dowman contends that plaintiff was exposed to asbestos from General Electric Company's marine turbines while serving in the U.S. Navy, and such exposure was a substantial factor in causing his disease." GE now contends that it must "defend" against Dowman's "claim" that the marine turbines were the cause of Mr. Brewster's injury. There are several independent reasons that GE's argument is flawed.

*First*, it is true that had plaintiffs sought to recover for any injury caused by marine turbines manufactured by GE at the Navy's direction, the applicability of the defense would be plausible. In such a situation, GE could assert the defense that it built the marine turbines at the Navy's direction and therefore, that GE should not be liable. That is not the case at bar.

4

Plaintiffs have waived expressly long ago any liability claim based on any exposure to a GE marine turbine. GE, therefore, does not assert the federal-officer defense because of any claim made by plaintiffs. Rather GE contends it is a "defense" to Dowman's attempt to allocate fault to GE under California's Proposition 51. At the hearing, GE cited *Mortgage Electronic Registration Systems, Inc. v. Rothman*, 2005 U.S. Dist. LEXIS 12270, at *16 (N.D. Ill. Feb. 28, 2005), for the proposition that a cross-defendant can remove to federal court under Section 1442. There, the district court held that "[r]emoval under § 1442 can be based on claims brought against the United States (or an agency or officer) as a third-party defendant." The issue here is whether GE, as an alleged agent of the Navy, can be considered a "third-party defendant" to Dowman's "claim."

In this case, it is a stretch to say that GE would be asserting a defense to a "claim" — even one raised by a co-defendant. Proposition 51 merely established a system of comparative fault in tort actions brought in California. *See* Cal. Civ. Code 1431.2; *see also DaFonte v. Up-Right, Inc.*, 828 P.2d 140, 143–44 (Cal. 1992). Under Proposition 51, "[e]ach defendant shall be liable only for the amount of non-economic damages allocated to that defendant in direct proportion to that defendant's percentage of fault, and a separate judgment shall be rendered against that defendant for that amount." Cal. Civ. Code 1431.2(a).

The case law cited by defendants establishes nothing more than the fact that Proposition 51 puts a burden on party-defendants to establish that the actions of other parties were the legal causes of a plaintiff's injuries. *See*, *e.g.*, *Sparks v. Owens-Illinois*, 32 Cal. App. 4th 461, 478–79 (1995) ("Owens-Illinois undisputedly had the burden to establish concurrent or alternate causes by proving: that Sparks was exposed to defective asbestos-containing products of other companies; that the defective designs of the other companies' products were legal causes of the plaintiffs' injuries; and the percentage of legal cause attributable to the other companies."). Nothing cited by GE establishes that co-defendants — seeking to allocate liability to each other rather than themselves — are, under Proposition 51, automatically aligned as cross-claimants and cross-defendants. The mere fact that a party bears a burden does not

necessarily mean that such burden is a "claim" against which a co-defendant "defends." It remains plaintiffs' burden to show that any injury flowed as a result of the non-exempt property. There is no "claim" by any other party.

GE asks this Court to interpret California tort law to find that GE is a cross-defendant who can assert the federal-officer defense in response. It would, however, be inappropriate to so hold where GE bears a heavy burden to demonstrate the appropriateness of removal and where GE has failed to cite relevant authority for this key proposition.

*Second*, plaintiffs are not seeking any damages for injury caused by the turbines for which GE seeks to invoke the federal-officer defense. In their complaint, the Brewsters explicitly excluded any liability based on GE's supply of equipment to the U.S. Navy. GE and the plaintiffs negotiated this exemption *before* the complaint was ever filed. The exemption means that GE has no liability from any injury flowing from any products manufactured by GE and supplied to the Navy. GE will never have to pay for any injury caused by those exempt products. This has been true since September 2006. It remains true now. Again, plaintiffs' counsel concedes that they have the burden to prove damages flowing from items *other than* GE's marine turbines.

The essence of GE's argument is that if Dowman (or any other defendant) "can introduce evidence and convince a jury that 10% of the fault for Mr. Brewster's asbestos-related injury should be allocated to the GE marine turbines, that is a 10% share that cannot be allocated to them — and such evidence will then increase by 10% GE's share of liability for the non-economic damages" (Opp. 11). GE's contention that it has a "colorable" defense to a claim by Dowman is specious at best. In fact, GE would be wise *not* to defend against a claim by any other defendant that GE's marine turbines caused any part of Mr. Brewster's injury. If Dowman *can* prove that Mr. Brewster's injuries were caused by GE's marine turbines, this would be a boon to GE because as plaintiffs' counsel unequivocally concedes, plaintiffs *do not seek to recover based on injuries caused by the marine turbines GE manufactured for the U.S. Navy*. The federal-officer defense — or any defense GE could raise with respect to the exempt

6

products — should never be invoked because it is better for all defendants — GE included — to allocate as much liability as possible to the exempt products on which plaintiffs cannot recover.[1]

### 3. INTERESTS OF JUSTICE.

Without regard to the absurdity of asserting the federal-officer defense, GE removed this action and almost immediately sought a stay of proceedings. The undersigned will not abide such abuse of the removal process. GE did this with full knowledge that a stay of almost any length would eviscerate Mr. Brewster's chance at having his day before a jury. This, in turn, would have severely decreased any potential award for Mrs. Brewster were her husband to pass away before the trial. California Code of Civil Procedure Section 377.34, California's survivorship statute, allows for punitive damages but *specifically excludes damages for a decedent's pain and suffering.* While he is alive, Mr. Brewster deserves any recovery he is entitled to for the pain and suffering he endured because of defendants' products. The state court has given his trial a preference date in light of his life expectancy. Remand to the state court ready to try plaintiffs' case within the month serves the interests of justice.[2]

---

[1] There have been other asbestos actions wherein the defendants asserted the federal-officer defense for the construction of turbines at the direction of the Navy. *See*, *e.g.*, *Madden*, 205 F. Supp. 2d at 699; *Pack v. AC and S, Inc.*, 838 F. Supp. 1099, 1102 (D. Md. 1993). In those decisions, the essential products — as far as those holdings reveal — were turbines manufactured at the Navy's request. Here, injury caused by any turbines GE manufactured for the Navy is exempt as a potential basis for liability. By purportedly asserting a federal-officer defense to its manufacture of marine turbines, GE seeks to divert attention from those products which are actually at issue in the case — all turbines and other equipment *not* supplied under contract with the United States government.

[2] For one perspective on this and similar tactics by asbestos-defense lawyers, see *Fair Play for Navy Veterans*, at http://www.mesothel.com/legislation/navy_vets_fair_play.htm ("Navy vets who pursue civil claims are confronted by loopholes in the law that allow shrewd asbestos defense lawyers to either harmfully delay the prosecution of a claim (called 'federal officer' removal to federal court), or delay the claim altogether (called the 'MDL Black Hole').").

7

**CONCLUSION**

For the foregoing reasons, plaintiffs' motion to remand is **GRANTED**. GE has not demonstrated that this Court has subject-matter jurisdiction over this action. This action is immediately **REMANDED** to the Superior Court of California for the County of San Francisco. In light of this ruling, the pending motion to stay is **RENDERED MOOT**.

**IT IS SO ORDERED.**

Dated: April 6, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE